## J. T. COVERT, ET AL., *v.* WILLIAM BETHEL.

**Public Sale of Personal Property.**

When a sale of personal property is public and competition unrestrained, the knowledge of the party selling the property that the purchaser intends to hold it for another, and to protect it from his creditors, will not enable the purchaser to avoid payment of his note executed for the purchase price of said property.

**Waiver of Exemption.**

One who stands by and permits his property to be sold without asserting any claim of exemption waives any such right of exemption.

APPEAL FROM HARDIN CIRCUIT COURT.

September 28, 1878.

OPINION BY JUDGE HINES:

Bethel, the appellee, was surety for Beal, one of the appellants, in a bond for rent; and to save Bethel harmless Beal made a written transfer of all his property, consisting of stock, farm products, and household furniture. The last clause of the writing contains this provision: "Saving and reserving so much of the live stock hereby conveyed, as is exempt by law from execution, and so much of the growing crops as may be sufficient to sustain the family of the said A. J. Beal for one year." The property remained in Beal's possession until it was sold by appellant at public outcry, when Beal became the purchaser of one mule and some other property, for which he executed his note to appellee, with Covert as principal and himself as surety. Appellee brought suit on the note, and both Covert and Beal answered, and say that the property for which the note was executed was purchased at the sale for Beal, and because of Beal's insolvency; and to protect it from his creditors the note was executed so as to show that the property belonged to Covert; that Covert never had any interest in it, and never took possession of or exercised any control over it; and further, that appellee knew of this arrangement to defraud the creditors of Beal, and co-operated in carrying out the design. Beal further says that no part of the property was set apart to him by Bethel as was agreed, and he pleads, on this account, a counterclaim. At the conclusion of the trial, the court instructed the jury to find for the plaintiff, and rendered on the finding for the amount claimed by appellee.

At the institution of the action appellee obtained attachments against appellants' property, and the final judgment dismissed the attachment as to Beal and sustained it as to Covert.

Appellants assign for error: 1st. That the court excluded the evidence as to Covert's station in life and pecuniary condition at the time the note was taken. 2nd. In giving a peremptory instruction to find for the plaintiff. 3rd. In overruling motion for a new trial.

Beal's testimony shows that the mule and the hay for which the note was executed was bid in by Covert, and he says: "The arrangement was that Covert should bid in the property for me, the reason being that I was insolvent, had debts leaning over me, and could hold nothing in my name. Plaintiff, Bethel, was a party to and knew all about the arrangement. * * * The mare and furniture mentioned in the assignment was not sold. I did not ask Mr. Bethel to set aside to me any part of the property. My understanding was that

out of the proceeds of the sale such provision should be made. The assignment and the sale were made at my suggestion, in order to cover up my property from my creditors."

The most that the evidence shows in reference to the alleged fraudulent combination is that the appellee knew that the property bought by Covert was intended for Beal, and that it was so bought by Covert instead of Beal in order to protect it from Beal's creditors. It is true that Beal swears that appellee knew all about the arrangement, and was a party to it; but the evidence does not show that he was a party to the fraud attempted to be perpetrated by appellants, any farther than a knowledge of their fraudulent intentions would make him a party. The question then is: when a sale is public and competition unrestrained, will the knowledge of the party selling the property that the purchaser intends to hold it for another, and to protect it from his creditors, enable the purchaser to avoid payment of his note executed for the purchase price? We think not. The appellee parted with his property on the faith of the promise by appellants to pay the amount stipulated in the note. His act of selling could not work injury to the creditors of Beal; that injury could only result from the fraudulent combination between the appellants.

We perceive no error in the ruling of the court by which evidence of the pecuniary condition of Covert, at the time of the execution of the note, was excluded from the jury. That could in no way affect his legal liability. Beal has no right to complain that he was not allowed credit for property not exempt from execution. He does not allege that any of the property was exempt, and if he had, he has waived his right by standing by and permitting the property to be sold without asserting any claim. Beal says that it was his understanding that he was to be paid something out of the proceeds; but the written assignment reserves the property exempt from execution, and not the proceeds, and he does not show any subsequent agreement by which he was to have the proceeds.

The other alleged errors that are argued but not assigned will not be considered.

Judgment *affirmed*.

*Wilson & Hobson, for appellant. Hays & Murray, for appellee.*